STATE OF WEST VIRGINIA

*In re* C.H.

No. 18-0590 (Cabell County 17-JA-155)

FILED

November 19, 2018

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.M., by counsel Kerry A. Nessel, appeals the Circuit Court of Cabell County's June 14, 2018, order terminating her parental rights to C.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cathy L. Greiner, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for an extension of her post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 30, 2017, the DHHR filed an abuse and neglect petition against petitioner and the father alleging that petitioner abused illegal substances and engaged in domestic violence with the father in the child's presence. Petitioner waived her preliminary hearing. On August 31, 2017, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of substance abuse and domestic violence. Accordingly, petitioner was adjudicated as an abusing parent and granted a post-adjudicatory improvement period. A case plan was developed requiring petitioner to have independent, stable housing and a reliable source of income; complete parenting and adult life skills classes; and consistently visit with the child. In November of 2017, petitioner participated in a psychological evaluation during which she reported that she began using illegal substances at age thirteen or fourteen. She admittedly began using Oxycontin at age nineteen. According to the psychological evaluation, petitioner's prognosis for parental improvement was poor.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In February of 2018, the circuit court held a review hearing. The circuit court found that petitioner failed to obtain employment or stable housing and that her visits with the child were inconsistent and did not go well. On May 10, 2018, the circuit court held a dispositional hearing during which petitioner requested an extension of her post-adjudicatory improvement period, which the circuit court denied. The DHHR recommended the termination of petitioner's parental rights. The DHHR presented evidence that petitioner was "unable to control her emotions," failed to adequately address her anger issues, and remained unemployed. The DHHR also presented evidence that petitioner threatened to kill the father. A DHHR service provider testified that the child did not wish to visit with petitioner and that petitioner missed several visits with the child. According to the DHHR, petitioner often failed to interact with the child and did not demonstrate proper parenting skills. After taking evidence, the circuit court found that petitioner missed visits with the child and that the visits in which she participated were not productive. The circuit court also found that petitioner and the father were hostile toward each other and refused to co-parent the child. Further, the circuit court found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the termination of petitioner's parental rights was in the child's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its June 14, 2018, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for an extension of her post-adjudicatory improvement period. In support of her argument, petitioner asserts that she complied with most of the terms and conditions of her post-adjudicatory improvement period and family case plan. She further argues that she acknowledged and

---

[2]The father's parental rights were also terminated. According to respondents, the permanency plan for the child is adoption by her paternal grandmother.

admitted to the neglect of the child and, therefore, the issues of neglect were treatable and "mostly cured by and through her improvement period and the family case plan." We do not find petitioner's argument compelling.

> Pursuant to West Virginia Code § 49-4-610(6),
>
> [a] court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

Here, petitioner complied with most of the terms and conditions of her post-adjudicatory improvement period. However, the record shows that petitioner missed several visits and during visits she did attend, she was unable to implement appropriate parenting skills. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90 n.14, 479 S.E.2d 589, 600, n.14 (1996) (citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191 (1996)); *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). We have also held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). While petitioner participated in some of the terms of her post-adjudicatory improvement period, she admittedly failed to obtain employment during the proceedings. Additionally, despite classes and services, she was unable to control her emotions at times and failed to adequately address her anger issues. Due to her failure to make any meaningful improvements during the proceedings, the circuit court did not err in denying petitioner's motion for an extension of her post-adjudicatory improvement period.

Further, we find no error in the circuit court's termination of petitioner's parental rights. Petitioner argues that the circuit court denied her the opportunity to "continue to correct her shortcomings as a parent." We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]"

The evidence discussed above also supports the termination of petitioner's parental rights. Petitioner complied with some services, but did not benefit from them. She also failed to

secure employment during the proceedings as required by her family case plan. She was unable to properly address emotional and anger issues. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could substantially correct the issues of abuse and neglect. Further, because visits did not go well due to petitioner's failure to interact with the child and implement proper parenting skills, the termination of petitioner's parental rights was in the child's best interests. The termination of petitioner's parental rights was also necessary in order to establish permanency for the child. Therefore, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 14, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: November 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

4